900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Earl BUIE, Defendant-Appellant.
 No. 89-7722.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 10, 1990.
Decided: March 30, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. W. Earl Britt, Chief District Judge. (CR No. 85-01-01-CR-2; C/A No. 89-33-Civ-2)
 James Earl Buie, appellant pro se.
 Margaret Person Currin, United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Earl Buie plead guilty to two counts of making false statements in in forma pauperis affidavits and was sentenced to five years on both counts. The district court ordered the two sentences to run concurrent to one another, but consecutive to a previously imposed state sentence. Buie did not appeal his conviction.
 
 
 2
 Four years later, Buie filed a pro se 28 U.S.C. Sec. 2255 petition alleging ineffective assistance of counsel and a denial of due process. Buie based his claim of ineffective assistance on his counsel's failure to file a variety of motions and his counsel's failure to discover an exculpatory document.
 
 
 3
 Buie based his due process claim on the allegation that he is innocent. The district court summarily dismissed the petition. Buie appeals to this Court.
 
 
 4
 To prevail on a claim of ineffective assistance of counsel, a petitioner-appellant must show that (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Strickland v. Washington, 466 U.S. 668 (1985).
 
 
 5
 Buie's claim of ineffective assistance rests on the allegation that his counsel failed to discover a document which Buie claims would have proven innocence. However, as Buie knew of this document at the time of his plea, Buie has not shown that, but for this alleged error, he would not have pled guilty and insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668 (1985). Further, as the remaining claims fail to show that his attorney's representation was unreasonable, Hill, supra, Buie's claim of ineffective assistance is without merit.*
 
 
 6
 Further, as a guilty plea forecloses a subsequent attack based on an antecedent non-jurisdictional error, Buie's due process claim is also without merit. United States v. Broce, 57 U.S.L.W. 4158 (U.S. Jan. 23, 1989) (No. 87-1190); Tollett v. Henderson, 411 U.S. 238 (1973); Hall v. McKenzie, 575 F.2d 481 (4th Cir.1978). Thus, our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny Buie's motions to vacate and appoint counsel, and affirm the district court's summary dismissal. United States v. Buie, Cr. No. CR-85-01-01-CR-2; C/A No. 89-33-Civ-2 (E.D.N.C. June 29, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 After filing this appeal, Buie submitted an additional ground of ineffective assistance based on the allegation that he has "no recollection of my attorney telling me that the federal judge did not have authority to designate the place of confinement, nor could he give a concurrent sentence and had no authority to take me out of state custody for the purpose of serving my federal sentence." This new ground of ineffective counsel was not presented to the district court, and cannot be raised for the first time on appeal